**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3673
_____

MIRIAM MWILA TURNBO,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A087-230-788

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 3, 2017

Before:  CHAGARES, SCIRICA, and FISHER, Circuit Judges.

(Filed: April 11, 2017)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

        Petitioner Miriam Mwila Turnbo seeks review of the August 26, 2016 decision of

the Board of Immigration Appeals ("BIA"), which denied her motion for reconsideration

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of an April 27, 2016 BIA decision denying a motion to reopen. We will deny the petition for review.

## I.

Turnbo is a citizen of Zambia and entered the United States on a student visa on January 15, 1998. She became a lawful permanent resident on January 15, 2009, and the adjustment of status was based on her marriage to John L. Turnbo, a United States citizen. On May 21, 2012, she pled guilty to two offenses in violation of the Pennsylvania Controlled Substances Act: possession with intent to distribute cocaine in violation of 35 Pa. Cons. Stat. § 780-113(a)(30) and criminal conspiracy to commit possession with intent to distribute cocaine in violation of 18 Pa. Cons. Stat. § 903(c). Turnbo entered removal proceedings on August 10, 2012, and her removability was based on her status as an alien convicted of: (1) an aggravated drug trafficking felony under 8 U.S.C. § 1101(a)(43)(B), (2) an aggravated felony conspiracy under 8 U.S.C. § 1101(a)(43)(U), and (3) a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).

Turnbo was represented by counsel at her removal hearing before an immigration judge ("IJ") and conceded removability on the above three bases. She also acknowledged that she was not seeking any other basis of relief. On November 21, 2013, the IJ issued an order to remove Turnbo. Turnbo filed an appeal with the BIA, which denied the appeal on March 31, 2015.

Turnbo filed a motion to reopen on June 18, 2015. In that motion, where she was represented by new counsel, Turnbo advanced two arguments. First, she stated that she had a pending Form I-130 Petition for Alien Relative and Application to adjust status.

2

Second, she argued that she was eligible for a waiver of removal under section 212(h) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(h). The BIA denied this motion to reopen on April 27, 2016. Joint Appendix ("J.A.") 17. It rejected the motion based on adjustment of status because Turnbo had failed to submit required evidence supporting the bona-fide nature of her marriage that constituted the basis for the adjustment of status. J.A. 17. The BIA also rejected Turnbo's argument that she qualifies for a waiver of inadmissibility under section 212(h) because the provision only pertains to individuals who have committed "a single offense of simple possession of 30 grams or less of marijuana," whereas Turnbo was convicted of possession with intent to distribute cocaine. J.A. 18.

Turnbo filed a motion to reconsider the BIA's April 27, 2016 decision. She continued to argue that she was eligible for a waiver under section 212(h). Moreover, she contended that her convictions were not aggravated felonies under 8 U.S.C. § 1101(a)(43)(B) and § 1101(a)(43)(U). Finally, she argued that her prior counsel, who represented her in front of the IJ, was ineffective and that as a result, she should not be bound by the concession of inadmissibility made by that counsel.[1] The BIA denied this motion on August 26, 2016. J.A. 13-14. It noted that Turnbo's continued assertion that she is eligible for a waiver under section 212(h) is erroneous and that she failed to identify any material error of fact in the BIA's April 27, 2016 decision on this issue. It rejected her ineffective assistance of counsel claim because she failed to raise it in her

_____

[1] Turnbo did not seek reconsideration of the BIA's determination that she has not met her burden in showing that her marriage is bona fide.

3

first motion to reopen and because to the extent she is attempting to file a second motion to reopen, such a motion would be time- and number-barred. It concluded by noting that Turnbo also has not met the requirements for equitable tolling of her ineffective assistance claim. J.A. 14.

Turnbo timely filed a petition for review of the BIA's August 26, 2016 decision.

II.

The BIA has jurisdiction to review motions to reopen and motions for reconsideration pursuant to 8 C.F.R. § 1003.2. We have jurisdiction over a timely filed petition for review under 8 U.S.C. §§ 1252(a)(1) & (b)(1). "We review a BIA denial of a motion to reconsider for abuse of discretion." Castro v. Attorney Gen. of U.S., 671 F.3d 356, 364–65 (3d Cir. 2012).[2] The BIA abuses its discretion when its actions are "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004), as amended (Dec. 3, 2004) (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)). However, we review constitutional claims and questions of law, including claims for ineffective assistance of counsel, de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).

III.

---

[2] Although we only review the BIA's August 26, 2016 order denying Turnbo's motion for reconsideration, "'[b]y its very nature, a motion for reconsideration alleges defects of some sort in the underlying decision by the BIA,' such that judicial review of the denial of a motion for reconsideration 'ordinarily requires some review of the underlying decision.'" Castro v. Attorney Gen. of U.S., 671 F.3d 356, 364–65 (3d Cir. 2012) (quoting Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004)).

The BIA did not abuse its discretion in denying Turnbo's motion for reconsideration. The motion did not conform to the requirements of 8 C.F.R. § 1003.2 (b)(1), as it did not specify any errors of law or fact in the April 27, 2016 BIA decision. Turnbo merely reiterated her argument that she is subject to a waiver of inadmissibility under section 212(h), which the BIA rejected in its April 27, 2016 decision. What she did not do, however, is identify any error in the BIA's conclusion that because her offenses were for possession with intent to distribute cocaine, not simple possession of 30 grams or less of marijuana, she is not entitled to a waiver.

Turnbo also reiterated the argument that her convictions do not qualify as aggravated felonies. But in its April 27, 2016 decision, the BIA did not and needed not make any conclusion regarding this issue because Turnbo never challenged her status as an alien convicted of a controlled substance offense, pursuant to 8 U.S.C § 1227(a)(2)(B)(i). This status renders her inadmissible, see 8 U.S.C. § 1182(a)(2)(A)(i)(II), and ineligible for an adjustment of status, see 8 U.S.C. § 1255(a), regardless of whether she was also inadmissible as an alien having been convicted of aggravated felonies.[3]

---

[3] Turnbo also argues in this petition that the BIA's denial of her motion to reconsider prevented her from seeking cancellation of removal based on hardship to her three United States citizen children, two of whom suffer from learning disabilities. However, Turnbo never requested cancellation of her order of removal in either her motion to reopen or her motion for reconsideration. Therefore, her request for relief is not properly before us.

5

Turnbo's ineffective assistance of counsel claim also fails. The BIA properly denied this motion to reopen as time- and number-barred.[4] A motion to reopen, which must be based on new facts that could not have been presented previously, must be filed not later than 90 days of the final agency decision. 8 C.F.R. § 1003.2(c)(1)-(2). Moreover, an applicant can only file one motion to reopen, absent special circumstances. Id. Turnbo, who filed this motion nearly a year late and as a second successive motion to reopen, has not met these procedural requirements. Nor is equitable tolling available, as such an applicant must show due diligence "over the entire period for which tolling is desired." Alzaarir v. Attorney Gen. of U.S., 639 F.3d 86, 90 (3d Cir. 2011). Turnbo failed to argue before the BIA that she exercised due diligence, and the BIA concluded that she is not eligible for equitable tolling. Turnbo's new arguments regarding her alleged "reasonable diligence" is beyond our jurisdiction as she did not raise them before the BIA. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

---

[4] Turnbo is incorrect to assert that her ineffective assistance claim was a motion for reconsideration rather than a motion to reopen. She first brought this claim before the BIA on May 13, 2016, after her initial motion to reopen, which was denied on April 27, 2016. Turnbo could not have asked the BIA to reconsider an issue that she had not previously raised.

6

IV.

For the foregoing reasons, we will deny Turnbo's petition for review of the BIA order dated August 26, 2016.